UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

    VLADIMIR OSTASHKO,

           Debtor.

Chapter: 7

Case No.: 03-26845-ess

-----------------------------------------------------------x

ROBERT J. MUSSO, Trustee of the
Estate of Vladimir Ostashko,

           Plaintiff,

    -against-

VLADIMIR OSTASHKO, TANYA
OSTASHKO, ZURITTA-TEKS, LTD.
and HARNIK & FINKELSTEIN,

           Defendants.

Adv. Pro. No. 04-1256-ess

-----------------------------------------------------------x

### MEMORANDUM DECISION DENYING TANYA OSTASHKO'S
### REQUEST FOR A STAY PENDING APPEAL

Before the Court is the application of Tanya Ostashko, a defendant in the above-captioned adversary proceeding, (the "Adversary Proceeding"), for a stay of the auction of the real property located at 246 Howard Avenue, Staten Island, New York 10301 (the "Marital Home") presently scheduled for September 27, 2005, pending appeal (the "Stay Application") of this Court's Memorandum Decision Denying in Part Tanya Ostashko's Motion for Summary Judgment dated June 1, 2005 (the "Decision"). This matter was brought on by order to show cause which was considered by the Court at a hearing on September 13, 2005, and at a continued hearing, on September 21, 2005, at which Tanya Ostashko, by counsel, and the Chapter 7

Trustee (the "Trustee"), by counsel, appeared and were heard, and David Maltz, the auctioneer retained by the Trustee, testified. For the reasons reflected in the record and summarized below, the Stay Application is denied.

## Background

The procedural history of this Adversary Proceeding and related litigation in the bankruptcy court is reviewed in the Decision. *See* Decision at pp. 2-5. This history includes the filing of an involuntary bankruptcy petition against the debtor, Vladimir Ostashko (the "Debtor"), a motion for relief from the automatic stay, the commencement of this Adversary Proceeding, and the summary judgment motion of Tanya Ostashko leading to the Decision and this Stay Application.

The procedural history of the matrimonial and other litigation between Tanya Ostashko, the Debtor, and other parties, is also reviewed in the Decision. *See* Decision at pp. 5-11. This history includes matrimonial and other litigation in New York Supreme Court (the "Matrimonial Action"), the U.S. District Court for the Eastern District of New York, and now, the bankruptcy court.

Tanya Ostashko sought summary judgment on two alternative grounds. First, she sought an order declaring that certain marital assets including the Marital Home, the proceeds of the sale of a vacation home and undeveloped lot in Florida, and an apartment in Moscow, Russia (the "Marital Assets"), are not property of the Debtor's bankruptcy estate by operation of a decision issued by New York Supreme Court in the Matrimonial Action, which was rendered but not reduced to a judgment before the date that the Debtor's bankruptcy case was commenced (the "Petition Date"). This portion of the Motion was denied. Alternatively, Tanya Ostashko sought

an order declaring that she is the owner of the Marital Assets pursuant to a constructive trust, and related relief. This portion of the Motion was withdrawn by Tanya Ostashko and this claim remains to be determined in this Adversary Proceeding. *See* Adversary Docket, entry dated June 6, 2005. In hearings before this Court, Tanya Ostashko has acknowledged that she is seeking a constructive trust of the proceeds of the sale of the Marital Assets, as contrasted with the actual, tangible assets themselves.

Tanya Ostashko filed a notice of appeal and request for leave to appeal from the Decision with the U.S. District Court for the Eastern District of New York on or about June 27, 2005. That request was heard by Hon. Charles P. Sifton on September 12, 2005, and counsel for Tanya Ostashko and the Trustee appeared and were heard. Judge Sifton granted the request for leave to appeal, and pursuant to Federal Rule of Bankruptcy Procedure 8005, the parties returned to this Court to seek a stay pending appeal. On September 13, 2005, the Trustee filed a Memorandum of Law of Chapter 7 Trustee in Opposition to Stay of Sale of Property (the "Trustee's Mem."), and on September 20, 2005, Zuritta-Teks, Ltd. ("Zuritta-Teks") filed an Affidavit in Opposition to Motion to Stay Sale of Property of Stephen M. Harnik, sworn to on September 19, 2005 (the "Harnik Aff.").

### **Discussion**

Federal Rule of Bankruptcy Procedure 8005 governs the procedure for motions for a stay pending appeal of a bankruptcy court order. The rule provides:

> A motion for a stay of the judgment, order or decree of a bankruptcy judge . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . [T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. . . . A motion for such relief . . . may be made

> to the district court or the bankruptcy appellate panel, but the motion shall show
> why the relief . . . was not obtained from the bankruptcy judge. The district court
> . . . may condition the relief it grants under this rule on the filing of a bond or
> other appropriate security with the bankruptcy court.

FED. R. BANKR. P. 8005.

Here, Tanya Ostashko's request for a stay is directed to the Trustee's efforts to proceed with the administration of the Debtor's Chapter 7 bankruptcy estate, and in particular, with the Trustee's plan to conduct an auction of the Marital Home. That auction is presently planned to take place on September 27, 2005, and will be subject to higher and better offers, and to the approval of the bankruptcy court. *See* Bankruptcy Case Docket, No. 57, Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale. *See also* 11 U.S.C. §§ 363(b) and 363(f); FED. R. BANKR. P. 6004.

In order to succeed on a motion for a stay pending appeal, the movant must address four factors: (1) whether the movant will suffer irreparable injury if the stay is denied; (2) whether there is a likelihood that the party seeking the stay will succeed on the merits of the appeal, or a serious question going to the merits and a tipping of the equities in favor of the movant; (3) whether substantial harm will be suffered by other parties if the stay is granted; and (4) whether there would be harm to the public interest. *FFG-NJ Vehicle Funding Corp. v. Holtmeyer* (*In re Holtmeyer*), 229 B.R. 579, 582 (E.D.N.Y. 1999) (citing *In re Slater*, 200 B.R. 491, 495 (E.D.N.Y. 1996)). *See In re Baker*, 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005). *See also Hirschfeld v. Bd. of Elections in the City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (stating that in the Second Circuit, these four criteria "are considered before staying the actions of a lower court"); *Goldstein v. Albert (In re Albert)*, 2002 Bankr. LEXIS 631, *7 (Bankr. S.D.N.Y. 2002) ("[f]ailure to satisfy one prong of this standard . . . will result in denial of the

4

motion."). *Likelihood of Success on the Merits*

Although all four criteria must be satisfied in order for a stay pending appeal to be issued, the criterion of a likelihood of success on the merits, or a serious question going to the merits and a tipping of the equities in favor of the movant, is the most weighty of the factors. *In re Baker*, 2005 WL 2105802, at *4 ("The single most important factor is likelihood of success on the merits."). *See also In re Holtmeyer*, 229 B.R. at 582. Therefore, the Court will consider that criterion first. If it is not satisfied, then the stay should not issue.

In determining whether there is a likelihood that the party seeking the stay will succeed on the merits of the appeal, or a serious question going to the merits and a tipping of the equities in favor of the movant, courts consider whether there is a "'substantial possibility' of success on the merits – i.e., the same standard utilized on a motion to stay a district court's order pending appeal to the Court of Appeals." *In re General Credit Corp.*, 283 B.R. 658, 660 (S.D.N.Y. 2002); *In re Baker*, 2005 WL 2105802, at *4 ("The party seeking a stay pending appeal is required to show that 'its arguments raise a substantial possibility, although less than a likelihood, of success' on the merits.") (quoting *Hayes v. City Univ. of New York*, 503 F. Supp. 946, 963 (S.D.N.Y. 1980), *aff'd*, 648 F.2d 110 (2d Cir. 1981)).

The Court concludes that Tanya Ostashko has not shown a substantial possibility of success on the merits. As discussed in the Decision, the question to be addressed is essentially a question of bankruptcy law – that is, what assets became property of the Debtor's bankruptcy estate. *See* Decision, pp. 12-14. As with many matters concerning property of the estate, the relevant guidance is contained not only in the Bankruptcy Code and decisions of federal courts, but also in New York state law, including New York's Domestic Relations Law, and cases

construing Section 236 of that law. *See* Decision, pp. 12-14. As a result, the operative determination is whether Tanya Ostashko's equitable distribution rights in the Marital Assets, as determined in the Matrimonial Action, vested before the date that the Debtor's bankruptcy petition was filed (the "Petition Date"). Here, that question was answered in favor of the Chapter 7 Trustee.

As set forth in the Decision, the question of law presented here is not a close one. The overwhelming majority of state and federal courts to consider the issue of when, and under what circumstances, rights to marital property vest under New York's Domestic Relations Law have found that such rights vest only upon entry of a final judgment, and not before. *See* Decision, pp. 16-19. *See, e.g.*, *Ara v. Anjum (In re Anjum)*, 288 B.R. 72, 76-77 (Bankr. S.D.N.Y. 2003) (citing numerous authorities) ("The courts have uniformly held that when a final judgment of divorce has not been entered at the time of a bankruptcy filing, thte non-debtor spouse's rights may be no greater than that of a general unsecured creditor."); *In re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996) (citing numerous authorities) ("The spouses' respective rights in marital property do not vest under New York law, . . . until entry of a judgment dissolving the marriage."); *In re Palmer*, 78 B.R. 402, 406 (Bankr. E.D.N.Y. 1987) ("Since no equitable distribution award had vested at the time of the filing of the petition, the debtor's property came into the estate free of the claims of the spouse."); *In re Greenwald*, 134 B.R. 729, 731 (Bankr. S.D.N.Y. 1991) (citing numerous authorities) (the entry of a judgment of divorce caused the property at issue to vest in the non-debtor spouse before the debtor spouse filed for bankruptcy, so that the property was not property of the bankruptcy estate); *Sinha v. Sinha*, 285 A.D.2d 801, 802, 727 N.Y.S.2d 537, 539 (2d Dep't 2001) ("Bankruptcy courts have generally agreed with

Justice O'Connor's analysis and have concluded that 'spouses' respective rights in marital property do not vest under New York law * * * until entry of a judgment dissolving the marriage'") (quoting *In re Cole*, 202 B.R. at 360).

Here, as described in the Decision, a judgment was not entered in the Matrimonial Action until after the Debtor's bankruptcy case was commenced, his bankruptcy estate was created, and property of his bankruptcy estate was defined by law. *See* Decision, p. 2. As numerous other courts in this Circuit and elsewhere have concluded, it is the juridical act of entry of judgment, and not the issuing of a decision which awaits the entry of judgment, that renders final a distribution of marital property. *See* Decision, pp. 16-19. For these reasons alone, it is apparent that Tanya Ostashko does not have a likelihood of success on the merits of her appeal of the Decision.

But there are other reasons related to the operation of the Bankruptcy Code that confirm that Tanya Ostashko does not have a likelihood of success on the merits. In the absence of the Debtor's bankruptcy case, if a judgment lien creditor had perfected a lien on the Marital Assets before a judgment was entered in the Matrimonial Action, then that judgment lien creditor would have taken free and clear of Tanya Ostashko's interest in the Marital Assets. Under Section 544 of the Bankruptcy Code, the Trustee stands in the shoes of such a creditor. *See* 11 U.S.C. § 544. This rule protects the rights and expectations of creditors and preserves the integrity and enforceability of court judgments.

More generally, this result is consistent with the bankruptcy process because it assures that the debtor's non-exempt property is marshaled in his or her bankruptcy estate, and is available for distribution to creditors according to the priorities established by the Bankruptcy

Code. It ultimately protects the rights of all creditors, including Tanya Ostashko, and assures the orderly disposition of a Chapter 7 debtor's assets. Section 541 of the Bankruptcy Code provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. This property is afforded immediate protection from the piecemeal claims of creditors by the automatic stay. 11 U.S.C. § 362. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.03 (15th ed. rev. 2005). As a leading commentator has observed:

> It is this central aggregation of property that promotes the effectuation of the fundamental purposes of the Bankruptcy Code: the breathing room given to a debtor that attempts to make a fresh start, and *the equality of distribution of assets among similarly situated creditors, according to the priorities set forth within the Code*.

5 COLLIER ON BANKRUPTCY ¶ 541.01 (15th ed. rev. 2005) (emphasis added). Property of the estate is no longer within a debtor's control, but is subject to administration by the Chapter 7 trustee and the jurisdiction of the court. Creditors, including litigants with claims against the debtor that have been fixed in non-bankruptcy proceedings, are entitled to be paid according to their priority. And creditors with superior legal or equitable rights to payment are entitled to be paid in advance of other creditors. *See, e.g.*, 11 U.S.C. §§ 507(a)(7) (priority accorded to allowed claims for debts to a former spouse for alimony to, maintenance for, or support of, a spouse), 510(c) (allowed claims may be equitably subordinated to other allowed claims).

Even if the record showed a serious question going to the merits, there is a further obstacle to Tanya Ostashko satisfying this prong of the test for a stay pending appeal, because in the framework of this specific and limited issue, the equities do not tip in her favor. In particular, Tanya Ostashko argues that the Debtor's misconduct should lead the Court to award

8

her judgment. Summary Judgment Motion ¶ 24. Tanya Ostashko argues that based on the factual findings made after trial and described by the U.S. District Court in *Ostashko v. Ostashko*, 2002 WL 32068357, at \*2-\*15 (E.D.N.Y. Dec. 12, 2002), *aff'd*, 2003 WL 22477929 (2d Cir. Nov. 3, 2003), the Debtor is not entitled to the protections of a court of equity. But as many courts have held, while the behavior of the Debtor or other creditors may be relevant to the legal or equitable priority to be accorded to Tanya Ostashko's claim, the Debtor's "behavior and alleged motives" are irrelevant to the determination of what comes within the scope of property of the estate. *Lawrence v. Lawrence (In re Lawrence)*, 237 B.R. 61, 79, 80 (Bankr. D.N.J. 1999) (despite evidence of "an overwhelming pattern of diversion of assets by the debtor with the intention of diminishing [her] share of those assets," and the debtor's "total contempt for the rights of [the non-debtor spouse] in the marital estate," "where . . . a bankruptcy petition of a spouse holding legal title to marital property precedes a divorce judgment distributing such property, the rights of the other spouse not sharing legal title are inferior to those of the title holder's trustee.").

Finally, if the question determined in the Decision was whether the Debtor should receive a benefit at the expense of Tanya Ostashko, or the extent of her eventual recovery as a creditor in the Debtor's bankruptcy case, then the balance of the equities might tip in favor of Tanya Ostashko. But here, the scales are not balanced between the interests of Tanya Ostashko and the Debtor, Vladimir Ostashko. Rather, the competing interests are those of Tanya Ostashko and the Trustee on behalf of all creditors, including Tanya Ostashko. *See* Decision, pp. 25-26.

In sum, the Court finds that Tanya Ostashko does not have a likelihood of success on the merits of her appeal. For that reason alone, as noted above, the Stay Application should be

denied. *See* p. 4, *supra*. For the sake of completeness, the Court will also consider the remaining three elements of the test for a stay pending appeal.

*Irreparable Injury to the Movant*

Tanya Ostashko claims that she will suffer irreparable injury if the Court denies a stay pending appeal. She argues that if the Marital Home is sold at auction, she will "have lost her right to own her home or sell her home of the last 10 years as and when she pleases, and on the terms she pleases." Stay Application, ¶ 13. In addition, Tanya Ostashko claims she will be irreparably injured by the "manner of the Trustee's sale" in that "the same high price [attainable] by a broker will not be achieved at the auction (forced sale)." Stay Application, ¶ 14. She also states that she will suffer "indignity . . . from being forced from her home by [the] trustee's auction." Stay Application, ¶ 15.

To show irreparable injury, "[a] moving party must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." *NAACP v. Town of East Haven*, 80 F.3d 219, 224 (2d Cir. 1995). *See also In re Holtmeyer*, 229 B.R. at 583.

In some situations, the deprivation of an interest in real property may give rise to a claim of irreparable injury. *See In re Issa Corp.*, 142 B.R. 75, 78 (Bankr. S.D.N.Y. 1992) ("debtor will suffer irreparable injury if the stay is denied, since if it is evicted it will lose its restaurant."). But here, it does not appear that Tanya Ostashko bases her claim of irreparable injury on such grounds. Rather, Tanya Ostashko argues that she will be irreparably injured because she may not be in control of the sale. Stay Application, ¶ 13.

The Trustee contends, and Tanya Ostashko does not contest, that if she is successful in

her appeal, she will sell the Marital Home. *See* Trustee's Mem. at 3-4. The record shows that this has been Tanya Ostashko's objective for many years. Zuritta-Teks contends that in prior related litigation, Tanya Ostashko "never objected to a sale of the [Marital Home], just to the division of the proceeds." Harnik Aff. ¶ 1(b), Exhs. A (letters dated October 1, and 20, 1998, from the Debtor's counsel to Tanya Ostashko's former counsel) and B (transcript dated April 8, 1999, of hearing held in New York State Supreme Court, Richmond County).

The record before this Court supports the Trustee's and Zuritta-Teks's assertion that Tanya Ostashko does not intend to remain in the Marital Home or to maintain the property, and indeed, this was acknowledged by Tanya Ostashko's counsel on the record of the September 21, 2005, hearing. Tanya Ostashko has not paid the costs of maintaining the Marital Home, such as insurance, which has been paid for by the Trustee. Trustee's Mem. at 4. Nor has she paid New York City real estate taxes, and the real estate tax arrears are accruing interest at eighteen percent, compounded daily. *Id*. As described in the testimony of Mr. Maltz, the Marital Home shows the effects of many years of substantial neglect. *See* pp. 13-14, *infra*.

The record also does not show that Tanya Ostashko will suffer irreparable injury as a result of the Trustee holding an auction of the Marital Home. As noted by the Trustee:

> While it is true that the Trustee intends to sell the [Marital Home], the proceeds from that sale cannot be distributed until the Trustee files a final report and the Bankruptcy Court approves the final report. The Trustee cannot file the final report until all litigation is finished, including appeals. If [Tanya Ostashko] prevails on the second counterclaim, or on appeal after conclusion of this adversary proceeding, all of the proceeds will go to her.

Trustee's Mem. at 4. A sale cannot be consummated without court approval, and any proposed sale would be subject to higher and better offers. 11 U.S.C. § 363(b); FED. R. BANKR. P. 6004. And the sale proceeds cannot be distributed until all litigation concerning the distribution of

11

proceeds is complete, including litigation relating to the priority to be accorded to Tanya Ostashko's claim. 11 U.S.C. § 704; FED. R. BANKR. P. 2015, 5009. If the proposed sale price is demonstrably inadequate, then the sale is not likely to be approved. And as the testimony of Mr. Maltz suggests, auction sales in bankruptcy cases often yield prices at or above market prices. *See* p. 13, *infra*.

Finally, Tanya Ostashko's objection to the manner of the Trustee's proposed sale does not show irreparable injury. The Trustee, having sold numerous properties, determined that an auction sale would be the best way of obtaining the highest price for the Marital Home. This decision is within the scope of the Trustee's business judgment. *See, e.g., Frostbaum v. Ochs*, 277 B.R. 470, 475 (E.D.N.Y. 2002). The Trustee is under a statutory duty to "collect and reduce to money the property of the estate . . ." 11 U.S.C. § 704(1). And the Trustee "is allowed to use his best judgment in deciding when 'to use valuable property of the estate and [when] to renounce title to and abandon burdensome property.'" *Frostbaum*, 277 B.R. at 475 (quoting *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1098 (2d Cir. 1993)).

In sum, the Court finds that Tanya Ostashko has not shown that she will suffer irreparable injury if a stay pending appeal is not issued.

### *Substantial Harm to the Non-Moving Party*

Tanya Ostashko also contends that any harm to the Trustee to be occasioned by a stay pending appeal is *de minimis* in light of the strong residential real estate market in Staten Island. Stay Application, ¶ 16. The Trustee agrees that Staten Island currently enjoys a strong residential real estate market, but argues that the real estate "bubble" could burst at any time, and that the value of the Marital Home could decline, to the detriment of all creditors. Trustee's

Mem. at 8. And, as noted above, real estate taxes on the Marital Home are not being paid and arrears accrue interest at eighteen percent. The Trustee is also expending estate funds for insurance on the Marital Home. All of these costs and expenses will ultimately reduce the amount of funds available to all creditors in the Debtor's bankruptcy case.

At the continued hearing on September 21, 2005, the Trustee's auctioneer, David Maltz, testified as to lack of irreparable injury to Tanya Ostashko in the absence of a stay and the substantial harm to be suffered by the Trustee in the event that a stay is issued. Mr. Maltz, who has more than twenty-eight years of experience in the auction of real property, including in connection with bankruptcy proceedings in the Eastern and Southern Districts of New York, testified that real property auctions often lead to prices at or above market prices, because buyers perceive that they are "getting a bargain" due to the pendency of the bankruptcy case. He further testified that residential real property inventory has increased some twenty to thirty percent in the last year, that interest rates are increasing, that energy prices are increasing, and that for all of these reasons, that the residential real estate market is "flattening."

Mr. Maltz testified that he has conducted inspections of the exterior and interior of the Marital Home, and that it shows the results of an extended period of substantial neglect, including problems with the heating system, water damage, and mold in the basement. Mr. Maltz estimated that the Marital Home would require $250,000 to $300,000 in repairs to bring it in line with standards in the neighborhood, both "structurally" and "decoratively." Mr. Maltz also stated that two months ago, there were three to five houses showing "for sale" signs in the neighborhood, but now, there were a dozen houses for sale in the general vicinity of the Marital Home. He also testified that there were two vacant homes in immediate proximity to the Marital

Home, one located adjacent to it and another located across the street.

On cross-examination, Mr. Maltz acknowledged that on at least one occasion in his experience in connection with the sale of a property located in Florida, a property sold at auction was later purchased for a higher price. He also stated that while the Marital Home required substantial repairs, it would not be cost-effective to make repairs to get a higher price. Mr. Maltz acknowledged that some cosmetic repairs could "possibly" be cost-effective in the short run, but added that would not address, but would only cover up, the substantial problems with the property.

Separately, it is undeniable that a stay pending appeal will occasion significant delay in these proceedings, and in the administration of the Debtor's bankruptcy estate by the Trustee. This bankruptcy case was commenced by the filing of an involuntary bankruptcy petition in December 2003. As in *Baker*, "distributions to creditors have . . . already been delayed, and a stay . . . will, in all likelihood, further delay distributions owed creditors . . ." *In re Baker*, 2005 WL 2105802, at *9.

As a result, the Court finds that Tanya Ostashko has not shown that there will not be harm to non-moving parties if a stay pending appeal is issued.

*Harm to the Public Interest*

Finally, Tanya Ostashko argues that a stay pending appeal is in the public interest. She contends that the issue on appeal "is of great public significance" and that "a controlling appellate decision is needed and is in the public interest." Stay Application, ¶ 18. Tanya Ostashko does not, however, address specifically how the public interest would be harmed by denial of a stay of the auction of the Marital Home, or why the legal issues presented on this

appeal would not remain in dispute.

The Trustee claims that a stay of the auction of the Marital Home will harm the public interest because the nonpayment of real estate taxes on the Marital Home "harms the public treasury." Trustee's Mem. at 8. The Trustee also contends that a stay of the auction of the Marital Home will "prevent or seriously delay [him] from performing his statutory duties." *Id*. As noted above, the Trustee is under a statutory duty to "collect and reduce to money the property of the estate . . ." and to "close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1). *See In re Savage & Assocs*., 2005 WL 488643, at *2 (S.D.N.Y. Feb. 28, 2005) ("the public interest favors the expedient administration of the bankruptcy proceedings . . ."). And the resolution of this dispute, as well as the disputes between and among the Debtor, Tanya Ostashko, and other creditors, which have already been pending for years, would only be further delayed. Where, as here, it is not likely that Tanya Ostashko will succeed on the merits of her appeal, the public interest is better served by allowing the administration of the case to proceed. *See In re Baker,* 2005 WL 2105802, at *10 ("Having determined that the Debtor is unlikely to succeed on appeal, I find that the public interest is better served by allowing distributions . . . to proceed in an expeditious manner.") As a result, the Court finds that Tanya Ostashko has not shown that the public interest will be harmed if a stay pending appeal is not issued.

**<u>Conclusion</u>**

On this application for a stay pending appeal of this Court's Memorandum Decision Denying in Part Tanya Ostashko's Motion for Summary Judgment, Tanya Ostashko has not shown that she has a likelihood of success on the merits of the appeal, or that there is a serious

question going to the merits and a tipping of the equities in her favor.  Nor has she shown that she will suffer irreparable injury if a stay pending appeal is not issued, or that there will not be harm to non-moving parties if a stay pending appeal is issued.  Finally, Tanya Ostashko has not shown that the public interest will be harmed if a stay pending appeal is not issued.  For these reasons, the Stay Application is denied.  An Order in accordance with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
September *21*, 2005

                                                ***S/Elizabeth S. Stong***
                                                ELIZABETH S. STONG
                                                UNITED STATES BANKRUPTCY JUDGE